UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOHNNY ALFARO GUTIERREZ,           )        NO. EDCV 10-508-GAF (AGR)
                                   )
            Petitioner,            )
                                   )
      v.                           )
                                   )
                                   )        ORDER TO SHOW CAUSE WHY
STANLEY SNIFF, SHERIFF FOR         )        THIS ACTION SHOULD NOT BE
RIVERSIDE COUNTY,                  )        DISMISSED
                                   )
            Respondent.            )
_____  )

      For the reasons discussed below, the Court orders Petitioner to show

cause, on or before **May 13, 2010**, why the Court should not recommend

dismissal based on abstention.

## I.

## SUMMARY OF PROCEEDINGS

      On April 5, 2010, Petitioner filed a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2241(c)(3).  Petitioner is a pretrial detainee currently

incarcerated in Orange County awaiting trial.  *See Stow v. Murashige*, 389 F.3d

880, 886 (9th Cir. 2004) (pretrial detainee's request for federal habeas relief is

properly brought under 28 U.S.C. § 2241(c)(3)).

1  Petitioner lists the following four grounds for relief:  (1) the California Court

2  of Appeal and the California Supreme Court abused their discretion when they

3  failed to address the merits of Petitioner's habeas petitions; (2) the magistrate

4  violated the Fourteenth Amendment when he did not function in a "neutral and

5  detached" manner; (3) insufficiency of the evidence; and (4) ineffective

6  assistance of counsel.  (Petition at 3-4.)

**II.**

**DISCUSSION**

9  "As an exercise of judicial restraint, . . . federal courts elect not to entertain

10  habeas corpus challenges to state court proceedings until habeas petitioners

11  have exhausted state avenues for raising [a] federal claim."  *Carden v. Montana*,

12  626 F.2d 82, 83 (9th Cir. 1980).  "Only in cases of proven harassment or

13  prosecutions undertaken by state officials in bad faith without hope of obtaining a

14  valid conviction and perhaps in other extraordinary circumstances where

15  irreparable injury can be shown is federal injunctive relief against pending state

16  prosecutions appropriate."  *Perez v. Ledesma*, 401 U.S. 82, 85, 91 S. Ct. 674, 27

17  L. Ed. 2d 701 (1971); *see also Younger v. Harris*, 401 U.S. 37, 44-45, 91 S. Ct.

18  746, 27 L. Ed. 2d 669 (1971) (in general, federal court should not interfere with

19  ongoing state proceedings).

20  Abstention from interference with pending state judicial proceedings is

21  required if the proceedings are ongoing, implicate important state interests, and

22  afford an adequate opportunity to raise federal questions.  *Middlesex County*

23  *Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515,

24  73 L. Ed. 2d 116 (1982).  Here, all of the prerequisites to *Younger* abstention

25  have been met.  *Younger* involved criminal proceedings.  The proceedings are

26  ongoing.  Petitioner's claims here involve California's important interest in the

27  order and integrity of its criminal proceedings.  *See Kelly v. Robinson*, 479 U.S.

28  36, 49, 107 S. Ct. 353, 93 L. Ed. 2d 216 (1986) ("the States' interest in

2

administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief").  Finally, nothing prevents Petitioner from raising his federal claims in state court, either at the trial level or at the appellate level.  Therefore, the *Younger* abstention applies.

In *Carden*, the defendants moved for a dismissal in state court alleging a violation of their right to a speedy trial.  *Carden*, 626 F.2d at 83.  Although the trial court granted the motion, the Montana Supreme Court reversed.  *Id.*  The Cardens sought federal habeas relief, and the Ninth Circuit held that they had "not demonstrated the type of 'special circumstances' which warrant federal intervention."  *Id.* at 84.  Nor had they shown "how they will be irreparably injured by waiting until after trial to assert their speedy trial claim."  *Id.*

Petitioner alleges he was "illegally arrested" on April 27, 2008.  (Petition Memo. at 3.)  He alleges he was "charged with assault by waving a firearm in the victim's face, and spraying him in the face with a can of spray paint first, used to vandalize the victims [sic] property."  (*Id.* at 8.)

In Ground One, Petitioner alleges that the California Court of Appeal and the Supreme Court violated his Fourteenth Amendment rights by summarily denying his state habeas petitions.  (Petition Memo. at 3.)[1]  In Ground Two, Petitioner challenges the neutrality of the judicial officer in Riverside County who conducted Petitioner's preliminary hearing.  (*Id.* at 8.)  Petitioner argues that the judge was "not listening to the evidence being presented."  (*Id.*)  In Ground Three, Petitioner alleges there was insufficient evidence presented at the preliminary hearing because "the victim's testimony is factually impossible."  (*Id.* at 9.)  In

---

[1]  The Court of Appeal denied Petitioner's petition on November 12, 2009, without explanation.  (Petition Attached.)  The California Supreme Court denied Petitioner's petition on January 13, 2010, without explanation.  (*Id.*)  The fact that both the California Court of Appeal and Supreme Court "rejected [a detainee]'s constitutional claims upon review does not preclude *Younger* abstention." *Lazarus v. Baca*, 2010 WL 1006572, *4 (C.D. Cal. 2010.)

1    Ground Four, Petitioner alleges his counsel was ineffective[2] for the following

2    reasons:  (1) counsel failed to request an *Evans*[3] line-up before the preliminary

3    hearing; (2) counsel failed to object to forcing Petitioner to appear at the

4    preliminary hearing in shackles and jail clothes; (3) counsel failed to object to the

5    admission of expert testimony; (4) counsel failed to file a motion to dismiss all

6    charges; and (5) the Riverside Public Defender's office has an "unlawful policy,"

7    which prevents attorneys from filing pre-trial writs to challenge procedural

8    violations.  (*Id.* at 10 & attached Superior Court habeas petition at Ground Three

9    Supporting Facts.)

10          Petitioner has not demonstrated any "special" or "extraordinary"

11   circumstance why this Court should not abstain from entertaining his petition.

12   Nor does any exception apply under *Younger*.  The test for an exception under

13   *Younger* is similar to that set forth in *Carden*.  Petitioner must show he would

14   suffer "irreparable harm" that is both "great and immediate" if the federal court

15   declines jurisdiction, that there is bad faith or harassment on the part of California

16   in prosecuting him, or that the state tribunal is biased against the federal claim.

17   *See Middlesex*, 457 U.S. at 437; *Kugler v. Helfant*, 421 U.S. 117, 124-25, 95 S.

18   Ct. 1524, 44 L. Ed. 2d 15 (1975); *Younger*, 401 U.S. at 46.

19          Petitioner argues that abstention does not apply because he is "only

20   challenging one order of the state court not the entire proceeding."  (Petition

21   Memo. at 4.)  As a preliminary matter, Petitioner does not identify which state

22

23          [2]  Ineffective assistance is a "routine claim[] that [should] not be entertained
     in a federal habeas action" before conviction.  *See Rosenbalm v. Foulk*, 2008 WL
24   906809, *4 (N.D. Cal. 2008).

25          [3]  "In *Evans v. Superior Court* (1974) 11 Cal.3d 617, 625 . . ., we concluded
     that due process requires in an appropriate case that an accused, upon timely
26   request therefor, be afforded a pretrial lineup in which witnesses to the alleged
     criminal conduct can participate.  The right to a lineup arises, however, only when
27   eyewitness identification is shown to be a material issue and there exists a
     reasonable likelihood of a mistaken identification which a lineup would tend to
28   resolve."  *People v. Farnam*, 28 Cal. 4th 107, 183, 121 Cal. Rptr. 2d 106 (2002)
     (citation and quotation marks omitted).

1  court order he is challenging.  In his "Conclusion," Petitioner requests "relief

2  consistent with his claims, as law, and due process demand."  (*Id.* at 14.)

3  Moreover, Petitioner's citation to *AmerisourceBergen Corp. v. Roden*, 495 F.3d

4  1143 (9th Cir. 2007), is inapposite.  In *AmerisourceBergen*, the Ninth Circuit held

5  that a district court should abstain only "if the court's action would enjoin, or have

6  the practical effect of enjoining, ongoing state court proceedings."  *Id.* at 1149.

7  As the Ninth Circuit explained, "the *Younger* doctrine has been expanded to

8  prohibit federal courts from issuing an injunction *or its functional equivalent* when

9  doing so would interfere with an ongoing state court proceeding."  *Id.* at 1152

10  (emphasis in original).  Clearly, Petitioner is requesting some sort of injunctive

11  relief or its equivalent in the petition here.  Finally, *AmerisourceBergen* involves a

12  civil state proceeding, whereas the instant petition involves a criminal state

13  proceeding.  Therefore, *AmerisourceBergen* does not support Petitioner's

14  argument that abstention does not apply.

15          Petitioner's citation to *Champion Int'l Corp. v. Brown*, 731 F.2d 1406 (9th

16  Cir. 1984) is also inapposite.  (Petition Memo. at 4-5.)  In *Champion*, the Ninth

17  Circuit found that a challenge to the Montana Human Rights Commission's ruling

18  that Champion's pension plan violated Montana's age discrimination laws did not

19  implicate a significant state interest.  *Id.* at 1408-09.  Petitioner's claims here

20  involve California's important interest in the order and integrity of its criminal

21  proceedings.  *See Kelly v. Robinson*, 479 U.S. 36, 49, 107 S. Ct. 353, 93 L. Ed.

22  2d 216 (1986) ("the States' interest in administering their criminal justice systems

23  free from federal interference is one of the most powerful of the considerations

24  that should influence a court considering equitable types of relief").

25                                          **III.**

26                                        **ORDER**

27          IT IS THEREFORE ORDERED that, on or before **May 13, 2010**, Petitioner

28  shall show cause why this Court should not abstain from entertaining the petition.

1    ***If Petitioner does not timely respond to this Order to Show Cause, the***

2    ***Magistrate Judge will recommend that the Court dismiss the petition***

3    ***without prejudice based on abstention.***

4

5    DATED:  April 14, 2010

6                                            _____
                                             ALICIA G. ROSENBERG
                                             United States Magistrate Judge

6