UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY ALFARO GUTIERREZ,<br><br>Petitioner,<br><br>v.<br><br>STANLEY SNIFF, SHERIFF FOR RIVERSIDE COUNTY,<br><br>Respondent. | NO. EDCV 10-508-GAF (AGR)<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file *de novo*, including the Petition, the Magistrate Judge's Report and Recommendation ("R&R"), the Objections to the Report and Recommendation filed on May 27, 2010, and the records and files. Based upon the Court's *de novo* review, the Court agrees with the recommendation of the Magistrate Judge. Petitioner's objections are overruled.

Petitioner objects to the Magistrate Judge reaching abstention before Respondent has had an opportunity to waive abstention by responsive pleading. Petitioner relies on *Sosna v. Iowa*, 419 U.S. 393, 95 S. Ct. 553, 42 L. Ed. 2d 532 (1975) and *Ohio Bureau of Employment Servs. v. Hodory*, 431 U.S. 471, 97 S. Ct. 1898, 52 L. Ed. 2d 513 (1997). (Objections at 3.) Both cases found that in

those rare instances in which the State wishes to proceed to the merits, "principles of equity and comity do not require this Court to refuse . . . the immediate adjudication [the State] seeks." *See, e.g., Ohio Bureau*, 419 U.S. at 480. However, neither case stands for the proposition that a district court cannot abstain before the State's responsive pleading has been filed. *See, e.g., Lazarus v. Baca*, 2010 WL 1006572, *3-6 (C.D. Cal. 2010) (abstaining from entertaining a habeas petition from a pretrial detainee on summary dismissal).

Petitioner objects to the following statement in the R&R: "As a preliminary matter, Petitioner does not identify which state court order he is challenging." (Objections at 5 (citing R&R at 5).) He complains that the Magistrate Judge "ignore[d] Exhibit # (C) attached to the memorandum." (Objections at 5.) Petitioner also attaches the order at issue to his objections, which is the Riverside County Superior Court's denial of Petitioner's state habeas petition on September 29, 2009. (Objections, Attached.) Given that Petitioner subsequently filed two more state habeas petitions, one with the California Court of Appeal and the other with the California Supreme Court, both of which were denied, it is implausible that Petitioner challenges only the lowest court's ruling. (*See* R&R at 3 n.1.) In any event, the objection is immaterial to the issue of abstention.[1]

Petitioner objects to the Magistrate Judge's discussion of the "unusual delay" Petitioner alleges in his criminal case. (Objections at 8 (citing *McNeely v. Blanas*, 336 F.3d 822 (9th Cir. 2003).) As the R&R explained, "the fact that his criminal proceedings have been pending two years does not avoid abstention." (R&R at 6.) Moreover, *McNeely* does not help Petitioner. The defendant in that case was detained for five years without a preliminary hearing or trial. *McNeely*, 336 F.3d at 824. Petitioner has apparently been detained for two years and has

---

[1] Petitioner is unclear as to the relief he demands in the petition. (*See* R&R at 5 ("Petitioner requests 'relief consistent with his claims, as law, and due process demand.'") (citing Petition Memo. at 14).)

2

1  had a preliminary hearing. (Petition Memo. at 3); see *Braden v. 30th Judicial
2  Circuit Court of Ky.*, 410 U.S. 484, 493, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973)
3  ("nothing . . . permit[s] the derailment of a pending state proceeding by an attempt
4  to litigate constitutional defenses prematurely in federal court").

5      Petitioner argues that pretrial petitions must be reviewed under a *de novo*
6  standard. (Response to Order to Show Cause at 6; Objections at 9.) Petitioner is
7  correct that the alleged constitutional violations are reviewed *de novo*, but the
8  argument is immaterial to abstention.[2] The Court, in abstaining. does not reach
9  the merits of the alleged constitutional violations or the standard of review.

10     Petitioner's remaining objections have no merit.

11     IT IS ORDERED that Judgment be entered denying the Petition and
12 dismissing this action without prejudice.

14 DATED:   June 11, 2010                 _____
15                                                                GARY A. FEESS
                                                     United States District Judge

---

[2] A pretrial detainee's request for federal habeas relief is properly brought under 28 U.S.C. § 2241(c)(3). *See Stow v. Murashige*, 389 F.3d 880, 886 (9th Cir. 2004). Because a pretrial detainee is not "in custody pursuant to the judgment of a State court," (§ 2254(a)), the alleged constitutional violations are decided on *de novo* review without the deference demanded by § 2254. *See Frantz v. Hazey*, 533 F.3d 724, 736 (9th Cir. 2008) (en banc).